Argued April 10; demurrer to petition overruled April 17, 1934

# OREGON STATE MEDICAL SOCIETY ET AL. v. STADELMAN

## STADELMAN

(31 P. (2d) 754)

[1]

*Ralph B. Herzog,* of Portland (Herzog, Kenin & Kenin, of Portland, on the brief), for appellants.

*I. H. Van Winkle,* Attorney-General, for P. J. Stadelman.

*Weinke & Amstutz,* of Portland, for Progressive Constitutional Amendment Committee.

BELT, J.   This is an appeal from a general ballot title prepared by the Attorney-General for the purpose of submitting to the voters of the state for their approval or rejection at the next general election in November, 1934, a proposed constitutional amendment. There is no objection to the short ballot title. The general ballot title as prepared by the Attorney-General is as follows:

"BALLOT TITLE
"HEALING ARTS CONSTITUTIONAL
"AMENDMENT

"Purpose: Constitutional amendment declaring state public policy respecting human healing arts to be: to (1) promote competition, (2) encourage developing such several arts, (3) define standard schools of human healing, (4) prevent in such arts interference with competitive arts; dividing human healing arts into: (1) medical and osteopathic physicians and surgeons, (2) chiropractic and naturopathic physicians, (3) practitioners by prayer or other spiritual means; vesting exclusive authority to grant licenses to practice in separate examining boards for each respective art; forbidding governmental agencies making contracts for required physicians' services, which limit free choice of physician by contributors to payment therefor.

"Explanatory words to accompany such title on the ballot:

"Yes.  I vote for the proposed amendment.

"No.  I vote against the proposed amendment."

Appellant-petitioners make numerous objections to the general ballot title, most of which are, in our opinion, highly technical and without merit. We shall discuss those which it is believed merit attention. It is asserted by appellants that the phrase "to promote competition" is vague and meaningless and that it is argumentative. It is true that one of the purposes of the amendment as declared in section 1 thereof is to promote competition but, after all, such is merely a conclusion of the proponents of the amendment. Whether the amendment will actually promote competition among those engaged in the "healing art" depends upon the effect of the various provisions of the amendment and the administration of the law. Such may also be said relative to the clause "encourage developing such several arts". We think the voter is entitled to a statement of the purposes of the amendment based upon a consideration of the subject matter thereof. That part of the ballot title to which attention has been directed might be considered by many voters as being argumentative in favor of the amendment. The ballot title submitted by appellants might be considered as an argument against it.

With all deference to the able and conscientious efforts of the Attorney-General, we have concluded, after a careful study of the proposed amendment and of its effect upon existing statutory enactments, to certify to the Secretary of State of the State of Oregon the following general ballot title:

"BALLOT TITLE

"HEALING ARTS CONSTITUTIONAL
    "AMENDMENT

"Purpose: To abolish preliminary examination of applicants for licenses to practice certain branches of

the healing art as now provided by statute, and to vest exclusive authority in respective licensing boards of the medical and osteopathic, chiropractic and naturopathic schools to determine the nature and scope of examinations for such applicants; to define standard schools of human healing; to divide healing arts into (1) medical and osteopathic physicians and surgeons, (2) chiropractic and naturopathic physicians, (3) practitioners by spiritual means; to prevent interference by competitive schools of human healing; and to prohibit governmental contracts restricting contributing beneficiaries in their choice of licensed practitioners.

"Explanatory words to accompany such title on the ballot:

"Yes. I vote for the proposed amendment.

"No. I vote against the proposed amendment."

The demurrer to the complaint of the appellants is overruled.

KELLY and BAILEY, JJ., not sitting.